**UNITED STATES of America,**
**Appellee,**

v.

**Rafil DHAFIR, aka Sealed Deft # 1, Defendant–Appellant,**

Maher Zagha, aka Sealed Deft # 2, Ayman Jarwan, aka Sealed Deft # 3, Osameh Al Wahaidy, aka Sealed Deft # 4, Help the Needy, aka Sealed Deft # 5, Help the Needy Endowment, Inc., aka Sealed Deft # 6, Defendants.

No. 12–887–cr.

United States Court of Appeals, Second Circuit.

Feb. 7, 2013.

Peter Goldberger (Pamela A. Wilk, on the brief), Ardmore, PA for Appellant.

Michael C. Olmsted (Stephen C. Green, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, and AMALYA L. KEARSE and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Rafil Dhafir appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, J.), reconsidering the incarceration portion of his sentence pursuant to our prior opinion in *United States v. Dhafir*, 577 F.3d 411 (2d Cir.2009), and re-sentencing Dhafir to 264 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dhafir argues that the district court erred by using Section 2S1.1(a)(2) of the United States Sentencing Guidelines in the re-sentencing. Our prior opinion directed the district court to "consider whether a different sentence would result from the application of th[e] more flexible approach" suggested in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), in which, after determining that " 'either of two Guidelines ranges, whether or not adjacent, is applicable, . . . the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies.' " *Dhafir*, 577 F.3d at 415 (quoting *Crosby*, 397 F.3d at 112). The district court did precisely as our prior decision in *Dhafir* instructed: It explicitly considered the *Crosby* approach. After determining that the *Crosby* approach would not result in a different sentence, the district court re-sentenced Dhafir to 264 months. In any event, the district court found in the alternative that if Section 2S1.1 (a)(1) applied, the same sentence would have been imposed, given the seriousness of Dhafir's offense and other factors under U.S.C. § 3553(a).

For the foregoing reasons, and finding no merit in Dhafir's other arguments, we hereby **AFFIRM** the judgment of the district court.